UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| VICTOR KUSTES, | |
| Petitioner, | Civil Action No. 10-73-HRW |
| v. | |
| J.C. HOLLAND, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Victor Kustes is an inmate incarcerated at the Federal Medical Center in Lexington, Kentucky.[1] Kustes has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having reviewed the petition,[2] the Court will deny relief because Kustes's conviction on prison disciplinary charges was supported by "some evidence."

---

[1] Kustes was incarcerated at the Federal Correctional Institution in Ashland, Kentucky when he filed his petition, but was transferred to F.M.C. - Lexington during its pendency. Because Kustes's new custodian can be found within this judicial district, this Court remains the proper venue for this petition under 28 U.S.C. § 2241(a).

[2] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On March 11, 2009, while exiting the food service area of the prison following lunch, an officer conducted a pat down search of Kustes. The officer discovered three servings of pie that Kustes had hidden inside the lining of his jacket through a tear in the fabric. Kustes knew that he wasn't allowed to take the pies out of the lunch area, but two other inmates had given him their pies because they didn't want to eat them, and Kustes wanted to eat them later. [R. 2-1 at 2-3]

The officer issued an Incident Report charging Kustes with possession of anything not authorized (the pies); destroying, altering, or damaging government property (the jacket); and lying to a staff member, violations of Code 305, 329, and 313, respectively. At a hearing before the Unit Disciplinary Committee, the UDC dropped the charge of lying to a staff member, but revised the charge of possession of anything not authorized to stealing, a Code 219 offense. [R. 2-2 Exh. 1] Because stealing is a "High" category offense which may result in the forfeiture of good conduct time, BOP Program Statement 5270.07 Ch. 4 pg. 7, the UDC was required to refer the matter to a disciplinary hearing officer. BOP Program Statement Ch. 6 pg. 3 § 1(h).

On March 31, 2009, the DHO held a hearing on the charge. At the hearing Kustes argued that he had merely ripped the jacket while at work and did not intentionally tear it, an explanation rejected by the DHO. The DHO further found that Kustes's conduct of actively removing the pies from the food service area qualified

as "stealing" rather than merely being in possession of anything not authorized. As a result, the DHO disallowed a total of forty-one days of good conduct time and imposed other lesser sanctions. [R. 2-3 Exh. 2]

On May 9, 2009, Kustes timely appealed from the disciplinary conviction by filing a Form BP-230 with the BOP's Mid-Atlantic Regional Office, in which he contended that the DHO's decision to revise the offense conduct charged in the Incident Report established his lack of impartiality as required by 28 C.F.R. 541.16(b). [R. 2-4 Exh. 3] In its September 11, 2009, response, MARO noted that "you do not contest the finding of the DHO that you committed the prohibited act," and concluded that the manner in which the DHO conducted the hearing was in substantial compliance with BOP policy, and denied the appeal. [R. 2-6 Exh. 5]

In his appeal to the BOP's Central Office, Kustes argued that the DHO lacked the authority to change the offense charged from possession of anything not authorized to stealing because the two offenses are not "similar" as required by to 28 C.F.R. § 541.17(f)(1). Kustes further argued that he could not be found guilty of stealing because the pies were given to him. [R. 2-7 Exh. 6] In its December 23, 2009, response, the Central Office rejected both arguments and denied the appeal. [R. 2-10 Exh. 9]

In his petition, Kustes contends that his conviction for stealing is not supported by sufficient evidence. [R. 2-1 at 1, 17-18] Although Kustes articulated several

objections to his disciplinary conviction during the prison grievance process, a challenge to the sufficiency of the evidence to support it was not amongst them. There is thus some question whether Kustes provided prison officials with notice of his claim as necessary to conclude that he has exhausted his administrative remedies. *See Pruitt v. Holland*, No. 10-111-HRW (E.D. Ky. 2010) (slip op. of Jan. 11, 2011). Nonetheless, the Court will assume that Kustes satisfied the exhaustion requirement for purposes of the present discussion.

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

To determine whether a DHO's decision is supported by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses, it asks only "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Kustes alleges that he did not steal the pies but rather was given them by other prisoners. Kustes further indicates that he does not work in the food service area, and there was no way he could have stolen them when the pies were being handed out in the food line. However, Kustes never asserted such facts at the DHO hearing. The DHO relied upon the written statement of the officer who conducted the pat down search and found Kustes leaving the food service area with the food stuffed into the lining of his jacket. [R. 2-3 at 2] Because this information provided the DHO with "some evidence" to conclude that Kustes had stolen the pies, the DHO's finding of guilt, that finding does not offend his procedural due process rights. *See Menas v. O'Brien*, No. 7:06-CV-26, 2006 WL 1457744, at *4-5 (W.D. Va. May 23, 2006) (Code 219 violation for stealing was supported by some evidence where prisoner was caught leaving food service area with ten eggs and two cartons of milk tucked into his clothing, notwithstanding prisoner's claim that his allegation that items were given to him by fellow inmates who decided not to eat them only permitted a violation of Code 331 for possession of anything not authorized); *see also Burnside v. Martinez*, No. 4:CV-10-2090, 2010 WL 5282036 (M.D. Pa. Dec. 17, 2010) (25 sandwiches found in petitioner's pants during pat-down search provided some evidence for stealing conviction); *Taylor v. Winn*, No. 06-20024-GAO, 2007 WL 922890 (D. Mass. Mar. 27, 2007) (DHO reasonably inferred intent to steal bag of bacon stuffed into petitioner's back brace).

Accordingly, **IT IS ORDERED** that:

1. Kustes's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate judgment.

This May 16, 2011.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge